Good morning, Your Honors. May it please the Court, Sherrod Desai on behalf of Plaintiff Christopher Jones. I would like to reserve three minutes for rebuttal. Just watch the clock. This case is about the defendant's efforts to deprive Mr. Jones, a successful civil rights litigant, of a full recovery on his claims, as well as a full recovery of the costs he incurred in vindicating his civil rights. In the process of opposing Mr. Jones' full recovery, local rules for the District of Nevada governing the taxation of costs, as well as their own administrative regulations concerning how funds recovered from a tort claim are to be deposited into the inmate's account with the Department of Corrections. Local Rule 55 I take it that there's no Gilbreth problem, in your view? We do not believe that there is a Gilbreth problem, Judge. As we explained in our citation of supplemental authorities, we believe that Lapidus v. the Board of Regents, under that case, that the defendants have waived Your view is that the sovereign of immunity has been waived by removing the case to federal court? Exactly, Judge. This trustee issue could have been raised in the state courts if the defendants hadn't removed this case. Why is this issue ripe at this point? Because the Department has done nothing. As I understand it, the district court's obligation under the local rules is to pay the whatever restitution or whatever the prisoner owes, and then the rest of the money goes to the prisoner. And so at that point, the prisoner will do whatever it's going to do, but the district court doesn't — at the end, your client may have a claim, but the district court doesn't have any authority at this point to direct the department to do anything, does it? Judge, we believe that the court does have a role in directing how the funds are to be deposited. Is that in the local rules? Judge, I think we're referring to the administrative regulations with respect to where funds are supposed to be deposited. Right. But the district court, at the conclusion of the case, under the Nevada local rules, which is what our — or the Nevada state rules, which it adopts, merely is — has the money owed, the judgment, to the prisoner. It doesn't have any other authority. So I think then the prison has the responsibility to do whatever it's going to do, and at that point you have a claim. I don't understand why there's any claim, why the claim would be ripe at this point before anything has happened. Well, in this case, Judge, the funds have actually been transferred to Mr. Jones's account. And we believe that the court has jurisdiction — Is that in the record? I believe so, Judge. I believe it's in ER or ECF. So the district court has put the money into the account, and you say that's in the record? So, Judge, the district court has entered judgment, and the defendants have paid the amount of the judgment and the costs already into Mr. Jones's Trust One account. We believe that that was there. Not the Trust Two account. Exactly. And that's why — Well, if you claim that that was wrong, doesn't he have to exhaust his administrative remedies to raise that claim? Well, Judge, we don't believe so. Under Jones v. Bok, the United States Supreme Court has held that the exhaustion of administrative remedies is an affirmative defense that a defendant must, quote, plead and prove. And as this Court's — But he didn't raise a claim. I mean, we don't even have a claim yet, right? Well, Judge, I mean, he's raised the issue in the context of how the judgment is to be paid at the conclusion. But you said it was paid already. So I'm not understanding how it's — Sure. Judge, he raised the issue before the judgment was paid. After the district court ruled that the funds were to be placed in the Trust One account, the funds were paid. We are still — he then appealed the order determining that the funds should be paid in the Trust One account. That's why this Court still has it. Frankly, I'm not even sure that Mr. Jones could exhaust his administrative remedies or bring the issue in a state court, because it's still within this Court's jurisdiction. I mean, the issue is still alive and pending with this Court. But I'm of the same worry that my good colleagues are, and that is, it seems to me that the district court can order payment, but that the prison is the one who pays it. And therefore, at that point, I'm still wondering why you need not exhaust. Well, Judge — Because I don't think the district court cares. I don't think it's a part of the district court's purview to say, well, it's got to go in this account or that account or the other account. But it certainly has to go to the prisoner. And then, if you will, the prison determines into which account it goes. And if the prisoner doesn't like it, he has an exhaustion remedy he can take up. Well, Judge, I think the issue — I'm sorry. No, no. I'm wanting to know your answer, because I still don't understand, even after all the questions you answered. Sure. I think the issue is that this request to have the funds placed in the Trust II account, we believe, is part and parcel with a 1983 claim. We believe the court has brought — the district court has brought — What case says that? And, Judge, I apologize. I'm happy to brief the issue in further detail. This issue was raised last Thursday in the court's order, and I'm happy to provide additional briefing on this issue. Because I couldn't find one. Okay. I mean, my law clerks may not be as good as you, and I certainly am not as good as you are at researching. But I couldn't find one. It just seems to me — I mean, I've been in district court a lot of times. I've won. I've even been able to get money out of other people, and it goes to my clients. But I've never been able to say to the court, and I want you to put it in the KeyBank account, da-da-da-da-da. I've only been able to say it goes to my clients. Well, Judge, Mr. Jones has, in fact, has had courts order — and this exact same magistrate judge, in this case, order funds be deposited into his trustee account. I mean, as part of the recovery, the court should have a say as to whether or not the plaintiff is going to be — Why? Why should the court have any say? Well — It has a say on who wins, who loses. But I don't understand why it has any say on what account it goes in. Sure. And then, if it doesn't go to the right account, it seems absolutely different to me that I, a circuit judge, have to determine if the district court made a good decision on which account it was put. Well, Judge, in Mr. Jones's complaint, he sought relief for any and other equitable and just relief. Oh, I know exactly what he sought relief for. And in this case, with respect to the issue of exhaustion of administrative remedies and that specific question, which I'm not sure I've had the opportunity to address — Okay. We believe that's an affirmative defense that has to be raised. It was not raised by the defendants. Obviously, they couldn't raise it in their answer because this issue wasn't pending. But they should have raised it when Mr. Jones first raised it, right after judgment was entered. They failed to do so. We believe that's a waiver, and I have nine circuit cases. That was the first time it was raised, after judgment was entered. Correct. And you're suggesting that at that point, because they didn't say to anyone, exhaustion, that they waived it — Absolutely, Judge. — there was no pleading necessary? Absolutely, Judge. There was no pleading at all. All it was is come up and say what they suggest on their motion is the right thing to do. I'm having a tough time seeing how that is an affirmative defense that we apply in a motion context for attorneys' fees. Well, Judge, there's a great case on point in Resellular 101, Inc., 539 F3rd 1150, that addresses the issue of what happens when an affirmative defense should be raised later. I understand. I was going to say, I don't think that applies here. It didn't have anything to do with attorneys' fees. Or, excuse me, it didn't have anything to do with this kind of a process. You're right, Judge. It had to do with an affirmative defense that could be raised after the initial pleading, and the court ruled that if a party does not raise the issue at the outset, at their first opportunity, they have forfeited. Counsel, you're not raising a PLRA claim here, are you? I'm not sure we are, necessarily. But you didn't invoke it in any event? No. You mentioned in your briefing that there was a liberty interest, that he had a liberty interest in where the money went,  Was that just loose language in your briefing? Judge, I'm not, I don't recall, and I apologize. And I'd like to reserve the remainder of my time. You may do so, Counsel. We'll hear from the State of Nevada. Sarah Bradley, Deputy Attorney General on behalf of the State. I think as this Court is getting to today, this was a new claim. The whole deposit of the funds into which account it should go. That issue was not raised in a complaint when the State removed. And in the Lapides case, the Supreme Court recognized that there can be special situations that could arise. So, for example, the State consented to jurisdiction on the underlying federal claims. However, this new claim arose, as Your Honor has correctly noted, after the settlement was issued, entered against the State. And so we had the settlement, and then the plaintiff became aware that the funds were going to go into an account he didn't like. He did file that emergency order, which was denied by the Court. So I think as I assume that the prisoner could still raise the issue in a new proceeding of some sort, either within the prison system or PLRA claim? Yes, absolutely he could. And I think that's part of the issue that we're having here. Part of the reason exhaustion is required, as this Court knows, is to help this Court have a better record on review, so that we know what happened. Also, that would allow the State to raise the issue in that new case. So it's a new claim. It's a new issue. It's definitely State law. I do think there's a Gilbreth problem here, as this Court seems to maybe also believe, in that this is all about the prison regulations. That's what the question is, is what do the prison regulations require? Who should be best interpreting the prison regulations? Is that the Federal Court or the State Court? And the State Court and the State prison officials haven't had the opportunity to address this issue yet. But you did remove the case. We did remove the case initially. I mean, that was very early. Does that waive all your other claims? Well, Lapides says it does, but there is a note in that case that there could be a special situation that can arise. So even though Lapides, in general, stands for that premise, that removal waives sovereign immunity, it does recognize that there could be a special situation. We have a case. It wasn't cited, so you may not be familiar with it, but Embry v. King. Yes. Which says that it applies to the rule in Lapides applies to Federal claims as well as to State law claims and to claims asserted after removal as well as to those asserted before removal. Yes. So this claim was asserted after removal, and Ms. Embry suggests that the State's sovereign immunity is waived as to that as well. I believe that Embry is actually distinguishable from the instant case. Embry is very similar to Lapides in that it's a university professor suing. However, in that case and in Lapides both, it's the same facts, the same circumstances, the same underlying issues. So in both of those cases, when the State removed it, the State is asserting or agreeing to Federal jurisdiction on those original facts and original claims. The State, in those cases, and especially Embry, there was an amended complaint after the fact. So it was filed. It was removed. A motion to dismiss granted with leave to amend. The person did amend the complaint and add new claims, and that's why the court said, well, it's also the later claims as well. But again, it's all regarding that initial issue, that initial first fact pattern. In this case, the fact pattern initially was constitutional claims regarding and they were related to the good time credits, as this Court is aware. This is a totally different issue. When the State removed it, how could anyone have foreseen that we would have a question of interpretation of ARs regarding the deposit of the settlement funds? It wasn't an issue that anybody can or could have possibly discerned. And as this Court is aware, the United States Supreme Court has told us several times and in several cases that it's a stringent rule whether the State waives sovereign immunity. It's a high standard. It's something that we want to be very careful about. But the court talked about that in several cases. So and especially as well, the court has recognized, the United States Supreme Court has recognized that the administration of the prison system is something that the State has a paramount interest in. It's a very important issue and it's very closely in time with State law and State policy. If we had jurisdiction over this trust account two issue, what is the defense by the State for putting it into the one? It seems that this is a classic case of the proceeds of a settlement ought to go into the trust two account. Why is it not there? The State, the position is that the trust, the regulations regarding the trust account, give examples to litigated tort funds. So there's a difference if it's a litigated recovery or if it is a recovery wherein there's been wrongdoing. In this case, so. Now, that's the silliest distinction I've ever heard. Well, I mean, I think, and I don't think that the regulation also requires that it be deposited into that trust two account. It says, I mean, the default account. But it gives the example, does it not? It does give the example of tort claims and it also says monetary settlements. It says both of those. This sounds to me like a settlement of a tort claim. Generally speaking, though, in the other cases, and there are several that Mr. Jones has cited that were deposited in the trust two account, but that was part of the agreement, part of the settlement, or those were litigated. Okay. Well, the bottom line is it sounds very arbitrary on the part of the prison. At least in my view. I'm just only speaking for myself. Is there any other rationale that you can use to defend it? I mean, we just believe. Other than you use it as a bargaining chip. I mean, that's generally how it's done in the prison. And the state has rules regarding what money can go in what accounts and there are limits and there are rules to that. And so the position is, I mean, I will say that the AR has been amended since this, I think with an intention of clarifying. However, at the time, what we have is that it does give that example of monetary settlements. Did the state give an explanation of why it did not put it into the two? Well, I don't believe this issue was actually discussed in front of the court. What happened was Mr. Jones sent a letter to the deputy attorney general assigned to the case talking about the deposit of the funds. And when he sent that letter, the response came back that no depositing into the trust to account is not an option. So it wasn't he became aware through correspondence with the deputy attorney general where the money was going to go. It seems that perhaps nobody had thought about it or he hadn't thought about it until he received that correspondence back and that's what prompted his emergency motion. I was interested in the idea that the district court would suggest that your opposition to the bill of costs was timely. I couldn't find any place in the record where the state ever argued that they had no notice. I mean, the district court said, well, the likely reason they didn't object was a lack of notice. But I couldn't find anything in the record where McDaniel had ever argued lack of notice. The only thing I had from what you argued was, well, the district court can do this because they want to do it. I was having a tough time understanding how the district court got to the idea that you had a lack of notice because you didn't plead at any place. In the opposition to the bill of costs, it was argued that we asked that the opposition be deemed timely and considered. Your Honor is correct that nowhere is it affirmatively pled that we didn't have notice. Well, and therefore, since you don't plead, you don't have notice, I'm having a tough time understanding how I can go along with the district court suggesting you didn't. I can understand your argument and I saw your briefs and I saw what you put in, but then I'm saying to myself, if you don't even say you don't have notice, leaves me a little uneasy about sustaining a district court's judgment, suggesting you do, that it's the lack of notice that gives you more time. Well, I think, Your Honor, what we can do is make reasonable inferences from the record. So, for example, when the state opposed it, opposed the motion that that was attached to, which was the pre- and post-judgment interest, the state made no mention of the bill of costs. That's not mentioned at all in there. And so looking at the record and then the court looking at the record as well, the way it was docketed, 87-87-1, I think it's, I mean, the court can make a reasonable inference based on what the court believes happens and there is that rule, IA-3-1, that allows the court to modify or alter the rules if it believes the interest of justice so requires. So, in this case, there wasn't a long delay. It didn't prejudice Mr. Jones and the court deemed both the bill of costs and the opposition timely filed and considered them. Counsel, why wasn't an abuse of discretion for the court to deny the $100 claim for legal services? It was identified and supported by documents, was it not? Well, normally, as this court is aware, that sort of a cost would be deemed a fee and that would not be recoverable under a bill of costs. However, that Burt v. Hennessy case does say that it may be if it would have been something that a court would have been able to, an attorney would have been able to receive. However, in Burt, the court specifically required additional billing and other information. So this isn't the same case. In that case, may I have leave to finish my answer? Sure, of course. In that case, the plaintiff had provided an affidavit, but nothing, it didn't indicate anything further in the record. So the court wanted additional information before it awarded that. And it's very similar to our case where he provided a declaration, but we have no billing information. We don't know who Andrea Naylor is. We don't know anything other than what Mr. Jones has provided. And I would submit that Burt is a very abnormal exception to that rule and it allows it only in specific situations when the proper substantiation is there. Thank you, counsel. Thank you. Your time has expired. Mr. Desai, you have a little bit of time left. I will very quickly address some of the arguments made by Ms. Bradley. With respect to the merits of the trustee account issue, Ms. Bradley conceded that a matter litigated, a tort recovery that is litigated actually should be deposited in the trustee account. This case involves an offer of judgment that was accepted. That's a litigated result. That's not a settlement. Second, with respect to whether or not the defendants have notice of the bill of costs, I would ask the Court to look at ECF docket number 113, page 3, lines 18 through 19. The defendants concede that they received service of the bill of costs. With respect to IA3-1, the rule that would allow the district court to disregard the local rules in the interest of justice, the court didn't do that and we have no findings to that effect and we don't believe that that's an appropriate basis for this court to affirm. I'm out of time. I have one last issue, if I may. Go ahead, counsel. With respect to the computerized research issue and whether or not it's recoverable under the local rules, local rules provide that a party need only verify that the costs incurred were reasonably expended and provide proof. And Mr. Jones said that. Was there documentation? Absolutely, Judge. Mr. Jones provided that. Where would we find that? I believe the Court can look at excerpts of record 256. And the rule is also important. In 256 you have an affidavit, right? An affidavit and a sheet of paper, otherwise. Yes, Judge. The affidavit is in 223 and the actual receipt for these $100 costs was, is in 256. And the rule only requires. Was it for a fee or was it? It was for computerized legal research and it's documented. But it says computerized legal research. All right. Okay. All right.  Thank you, counsel. The case just argued will be submitted for decision.
judges: O'scannlain, Ikuta, N.R. Smith